IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR351** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **FREDRICK MCINTYRE,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 33). The government adopted the PSR (Filing No. 29). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides under Federal Rule of Criminal Procedure 11(c)(1)(B) that the Defendant should be sentenced to 60 months imprisonment, based on: a quantity of not less than 20 but not more than 35 grams of cocaine base, resulting in base offense level 26; and the parties' assessment that criminal history category III "most accurately reflects" the Defendant's criminal history. (Filing No. 351.) The PSR assigns base offense level 26 based on 27 grams crack cocaine. The PSR assigns criminal history category IV and a sentencing range of 70-87 months.

*Drug Quantity*

The Defendant objects to the PSR, arguing that he "thought" his plea agreement held him responsible for between 5 and 20 grams cocaine base, and he objects in particular to the 14 grams described in ¶ 13. The Defendant was placed under oath at his

change of plea hearing and participated in the Court's standard plea colloquy, during which he stated that he understood the plea agreement and had no questions about that document. He also heard the government's version of the offense and had the opportunity to pose questions about the government's version. Therefore, the Court denies the Defendant's objection based on the argument that the Defendant thought the plea agreement stated a different drug quantity.

### *Criminal History Category*

The parties' estimate of the Defendant's criminal history category in the plea agreement was reached without the benefit of having the PSR. The matter will be discussed at sentencing.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 13, 21 and 28 (drug quantity) of the Presentence Investigation Report (Filing No. 33) are denied;

2. The Defendant's objection to ¶ 41 (criminal history category) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      5.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

      6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp  
United States District Judge